FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRICE C., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 1:24-CV-03117-ACE <br><br> ORDER GRANTING PLAINTIFF'S MOTION <br><br> ECF Nos. 8, 9 |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 8, 9. Attorney Chad Hatfield represents Plaintiff; Special Assistant United States Attorney Frederick Fripps represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion, ECF No. 8, and **DENIES** Defendant's motion, ECF No. 9.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING PLAINTIFF'S MOTION. . . - 1

# JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on June 10, 2021, alleging onset of disability beginning January 1, 2019.  Tr. 17, 52, 211-17, 225-31.  The applications were denied initially and upon reconsideration.  Tr. 83-92.  Administrative Law Judge (ALJ) Lori Freund held a hearing on July 11, 2023, Tr. 36-46, and issued an unfavorable decision on January 31, 2024.[2]  Tr. 17-25.  The Appeals Council denied Plaintiff's request for review on May 31, 2024, Tr. 1-6, and the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 30, 2024.  ECF No. 1.

# STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.

---

[2] Plaintiff failed to appear at the hearing.  Tr. 17.  Plaintiff's representative appeared on his behalf and testified he did not know Plaintiff's location, and no party could reach Plaintiff at that time.  *Id*.  A Notice of Hearing as well as a Notice to Show Cause for Failure to Appear were mailed to Plaintiff's last known address but were returned as undeliverable.  Tr. 17, 39-40, 189.  Plaintiff's representative updated Plaintiff's address in November 2023, but his phone was disconnected; a Notice to Show Cause was also mailed to that address by the Agency.  Tr. 199-200, 206-07.  The ALJ found Plaintiff constructively waived his right to appear at the hearing.  Tr. 17-18.

*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot

ORDER GRANTING PLAINTIFF'S MOTION. . . - 3

make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 31, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-25.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2023, had not engaged in substantial gainful activity since the alleged onset date. Tr. 20.

At step two, the ALJ determined Plaintiff did not have an impairment or combination of impairments that had significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore plaintiff did not have a severe impairment or combination of impairments.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act from January 1, 2019, through the date of the decision. Tr. 24-25.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ conducted a proper step two analysis. ECF No. 8 at 4.

## DISCUSSION

**A.    Medical Opinions**

Plaintiff contends the ALJ failed to properly evaluate the medical opinions of Kim Vanatta, D.O., and Kacie Hamreus, P.A. ECF No. 8 at 6-12.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id*. Supportability and consistency are explained in the regulations:

> (1)  *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2)  *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide

specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* at 792.

      1. Dr. Vanatta

On July 27, 2021, Plaintiff's treating provider, Dr. Vanatta, completed a Physical Functional Evaluation on behalf of Washington State DSHS and rendered an opinion on Plaintiff's level of functioning. Tr. 493-95. Dr. Vanatta noted Plaintiff had lower back pain secondary to lumbar disc prolapse with radiculopathy, as well as diagnoses of alcoholic cirrhosis and an adjustment disorder. Tr. 493. She noted he had several emergency room visits due to pain since November 2020, and that he underwent lumbar discectomy surgery July 14, 2021. *Id*. Dr. Vanatta opined lumbar disc prolapse caused marked limitations in standing, walking, lifting, carrying, handling, pushing, pulling, reaching, stooping and crouching, and that Plaintiff was limited to sedentary work. Tr. 494-95. She estimated the limitation on work activities would persist 12 months with treatment, which included the surgery, and potential post-op physical therapy. Tr. 495.

The ALJ found Dr. Vanatta's opinion that Plaintiff's lumbar degenerative disc disease would limit Plaintiff to a range of sedentary work for 12 months unpersuasive because it was not supported by objective evidence and inconsistent

ORDER GRANTING PLAINTIFF'S MOTION. . . - 6

with Plaintiff's reported improvement and lack of treatment. Tr. 27. The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

     Here, the ALJ concluded Dr. Vanatta's opinion was issued after Plaintiff's surgery and "presumably, addressed [Plaintiff's] level of functioning following surgery and during his post-operative recovery"; and the ALJ found it unpersuasive because Dr. Vanatta "cite[d] no objective evidence to support the duration of her limitations "apart from [Plaintiff's] MRI and subsequent lumbar surgery." Tr. 23. Dr. Vanatta, however, explained on the form that her opinion as to the expected duration of his limitations began as of an onset date of November 2020, and she noted several ER visits for pain since that time, as well as treatment including surgery. Tr. 493. Further, she supported her opinion based on objective findings since that date, including a May 2021 MRI that showed multilevel disc bulges, subsequent neurosurgery evaluation and recommendation for lumbar surgery to deal with a prolapsed disc, and surgery, which she noted was performed July 14, 2021. Tr. 493-94. Dr. Vanatta explained that the MRI, neurosurgery consult, and surgery had already been done, recommended treatment included the surgery and post-op physical therapy, and that Plaintiff was limited to sedentary work. Tr. 494. Dr. Vanatta explained her opinion was based on objective findings from November 2020 on, as well as treatment including surgery and post-operative recovery, and the ALJ's conclusion her opinion was not persuasive because it "presumably, addressed [Plaintiff's] level of functioning following surgery and during his post-operative recovery" and because she cited no objective evidence to support the duration of her limitations is not supported by substantial evidence.

     The ALJ also found her opinion inconsistent with reported improvement and lack of treatment. Tr. 27. The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. §§

ORDER GRANTING PLAINTIFF'S MOTION. . . - 7

1   404.1520c(c)(2), 416.920c(c)(2).  Additionally, an ALJ must consider all the
2   relevant evidence in the record and may not point to only those portions of the
3   records that bolster their findings.  *See, e.g., Holohan v. Massanari*, 246 F.3d 1195,
4   1202-03 (9th Cir. 2011) (holding that an ALJ cannot selectively rely on some
5   entries in plaintiff's records while ignoring others).

6         Here, the ALJ indicated Dr. Vanatta's opinion was "inconsistent with
7   Plaintiff's reported improvement in July 2021 and lack of treatment after July
8   2021."  Tr. 23 (citing Tr. 339 and Tr. 431).  The records the ALJ's cited, however,
9   are from July 27, 2021, soon after surgery; and while his surgeon noted Plaintiff's
10  report at that time of "left leg radicular pain improving" he also explained "I do not
11  want him doing any lifting or bending," and that Plaintiff's diagnosis was still
12  "intervertebral disc disorders with radiculopathy."  Tr. 339.  The ALJ also cited a
13  visit with Dr. Vanatta on the same date to show improvement.  Tr. 23, 431.  At that
14  visit, however, Dr. Vanatta explained that while Plaintiff was optimistic about
15  recovery following surgery, he "continue[d] to have lower back pain with radiation
16  to legs . . .."  Tr. 431.  Dr. Vanatta noted Plaintiff continued to report back pain,
17  weakness, numbness, and tingling, and upon physical exam she observed he was in
18  "mild distress" with limited ambulation, tachycardia, and reduced left lower
19  extremity strength, as well as abnormal gait and station with "tiptoe abnormal, heel
20  walk abnormal, and tandem gait abnormal.  *Id*.  Dr. Vanatta observed pain with
21  extension and flexion and pain with rotation to the left and right, as well as his
22  "healing midline surgical scar lumbar spine."  *Id*.  She noted he was status post
23  microdiscectomy and that he "continues to have left radicular pain, but reports
24  mild improvement"; she also explained she "discussed with [Plaintiff] he will
25  likely not be pain-free following the surgery and the need to follow with pain
26  management for chronic back pain."  *Id*.  She diagnosed him with radiculopathy,
27  lumbar region.  *Id*.  While Plaintiff was optimistic and reported mild improvement
28  in symptom, the records the ALJ cited show continued objective findings as well

as his provider's assessment as to the likelihood of continued, chronic pain from his back impairment.

Accordingly, the ALJ's finding that Dr. Vanatta's opinion was inconsistent with Plaintiff's reported improvement in July 2021 is also not supported by substantial evidence.

Finally, as Plaintiff points out the ALJ was aware the Agency and Plaintiff's representative had lost touch with Plaintiff and that this is why the record was not updated; and records show financial instability, incarceration, and involuntary hospitalization during the period at issue. *See, e.g.*, Tr. 383, 387, 392-93, 430, 435, 437, 446-47. The ALJ has an independent duty to fully and fairly develop a record in order to make a fair determination as to disability, even where, as here, the claimant is represented by counsel. *Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995). Indeed, review of the record shows the Agency's medical record requests from October 2021, for example, were returned for lack of authorization to release of information, not lack of records, suggesting the record may not be fully developed. Tr. 470, 475, 478, 483. On this record, the ALJ's conclusion Dr. Vanatta's opinion is unpersuasive because of Plaintiff's lack of treatment is also not supported by substantial evidence.

The ALJ's conclusion Dr. Vanatta's opinion was unpersuasive because it was not supported by objective evidence and inconsistent with Plaintiff's reported improvement and lack of treatment is not supported by substantial evidence. The ALJ also selectively cited records to show improvement when the records cited showed more mixed findings, resulting in a mischaracterization of the record.

*2. Ms. Hamreus*

Plaintiff also challenged ALJ's assessment of Ms. Hamreus' opinion. As the claim is remanded based on the errors above, the Court declines to further address this issue.

The claim is remanded for reconsideration of all medical evidence, including the medical opinion evidence, with the assistance of medical expert testimony.

Upon remand, the Agency and Plaintiff's representative will ensure the record is updated and Plaintiff is made aware of all proceedings.

**B.    Step Two**

Plaintiff contends the ALJ also erred in the step-two analysis. ECF No. 8 at 12-15.

As the claim is remanded to reconsider the medical opinion evidence with the assistance of medical expert testimony, the reevaluation of the medical opinions in this case also entails a reassessment of the duration of Plaintiff's impairment(s) and whether they are severe. Accordingly, the Court declines to address the remaining issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

Upon remand the ALJ is instructed to perform the sequential analysis anew with the assistance of medical expert testimony, including reevaluating Plaintiff's medically determinable impairments and whether they are severe at step two.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error.

On remand, the ALJ will update the medical record. The ALJ will reassess all medical opinion evidence and reperform the sequential analysis with the assistance of medical expert testimony. The ALJ will issue a new decision, taking

```
```

into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion, **ECF No. 8**, is **GRANTED**.
2. Defendant's Motion, **ECF No. 9**, is **DENIED**.
3. The matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.
4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant, file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED June 4, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE